UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

**UNITED STATES OF AMERICA,**

                Plaintiff,                08-CR-295A(Sr)

v.

**WILLIAM TOTH**

                Defendant.

---

## DECISION AND ORDER

This case was referred to the undersigned by the Hon. Richard J. Arcara, in accordance with 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear and report upon dispositive motions.  Dkt. #38.

The defendant, William Toth, plead guilty to violating 18 U.S.C. § 1341 (mail fraud); 18 U.S.C. § 1957 (engaging in monetary transactions in property derived from unlawful activity); and 26 U.S.C. § 7206(1) (filing a false tax return).  Dkt. #26.  As part of the plea agreement, the defendant agreed

> to assign to the government any sum awarded to the plaintiffs in the matter of Toth v. Automobile Insurance Company of Hartford, Connecticut, filed in the United States District Court for the Western District of New York under Docket No. 08-CV-694-C up to the amount of three hundred fifty thousand ($350,000.00) United States currency.

Dkt. #17, p.17.  Susan Toth filed a petition seeking an order declaring that she possessed a separate right to proceeds of the insurance policy which could not be subject to forfeiture by virtue of her husband's plea agreement.  Dkt. #22.  The

defendant was sentenced to a principal term of imprisonment of 52 months, followed by 3 years of supervised release and ordered to pay $290,000.00 in restitution. Dkt. #26.

In *Toth v. Automobile Insurance Company of Hartford, Connecticut*, William Toth and his wife, Susan Toth, sued The Automobile Insurance Company of Hartford, Connecticut ("Travelers"), for improperly disclaiming coverage for the loss of their home by fire on October 18, 2007. 08-CV-694 at Dkt. #1. In its Answer, Travelers alleged that the fire was intentional and that the plaintiffs made false and fraudulent statements regarding the contents and real property allegedly lost as well as the cause of the fire. 08-CV-694 at Dkt. #4.

Counsel for plaintiffs declares that Travelers agreed to a settlement of the lawsuit so long as the defendant, whom Travelers believes intentionally caused the fire, received no compensation from the settlement proceeds. Dkt. #32-2, ¶¶ 10-11; Dkt. #39, ¶ 3. Agreement as to the dollar amount of the settlement was reached on April 8, 2010. Dkt. #39, p.10. Counsel for the Toth's drafted releases in which defendant was to receive monetary consideration of $1.00 and Susan Toth to receive $20,000.00. Dkt. #32-2, pp.47 & 49. On May 7, 2010, counsel for Travelers requested changes in the language of the release, but made no comment regarding the allocation of the settlement proceeds. Dkt. #39, ¶ 11 & p.18. A settlement check drafted by Travelers on May 25, 2010, but never mailed, was made payable to "Susan M & William Toth Jr." Dkt. #36-3, p.27. Counsel tendered the executed releases to Travelers on or about June 2, 2010. Dkt. #39, ¶ 12.

On June 14, 2010, the United States applied for, and the Court Ordered, a Writ of Execution pursuant to the Federal Debt Collection Procedures Act of 1990, 28 U.S.C. § 3203(c)(1), with respect to $10,000.00 of the insurance settlement proceeds payable in the civil action. Dkt. #29.

Currently before the Court is Susan Toth's motion to quash the Writ of Execution on the ground that William Toth does not have a "substantial nonexempt interest" in any portion of the $20,000.00 settlement. Dkt. #32-3. The government opposes the motion, arguing that William Toth assigned his interest in any settlement proceeds to the government and had no right to disclaim proceeds of the insurance policy in favor of his wife. Dkt. #36.

There is no dispute that William Toth assigned to the government his interest in any sum he might be awarded in the insurance litigation. That assignment does not, however, impose upon William Toth any obligation to pursue that litigation. The explanation of Susan Toth's counsel that the insurance company refused to pay any money to William Toth due to its belief that he caused the loss is unrefuted. Counsel for the insurance company did not challenge the general releases' apportionment of the entire settlement amount to Susan Toth. Moreover, the settlement amount of $20,000 on a High Value Homeowners Policy following a fire which left the residence uninhabitable suggests that the settlement was for loss of Susan Toth's personal property rather than any joint interest she and her husband possessed in the residence. There is no evidence before the Court to support a

determination that the insurance settlement was structured so as to defraud the government of its right to restitution. As a result, the Court grants Susan Toth's motion (Dkt. #32), to quash the Writ of Execution.

**SO ORDERED.**

**DATED:** Buffalo, New York
May 10, 2011

*s/ H. Kenneth Schroeder, Jr.*
**H. KENNETH SCHROEDER, JR.**
**United States Magistrate Judge**